OPINION
{¶ 1} Defendant-appellant Dan A. Ratta appeals the December 1, 2003 Judgment Entry of the Massillon Municipal Court denying his motion to suppress. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} On September 30, 2003, a State Highway Patrol trooper stopped appellant on State Route 21. At the time, appellant was driving a commercial semi-tractor trailer with a dump bed. State Trooper Neil Hedrick cited appellant for violating R.C. 5577.04
and R.C. 2921.31(A). Following pleas of not guilty to both charges, appellant filed a motion to suppress on November 17, 2003. The trial court heard appellant's motion on December 1, 2003, and denied the motion on the same date. The trial court dismissed the charge of obstructing official business in violation of R.C. 2921.31(A).
 {¶ 3} The only witness to testify at the suppression hearing was Trooper Hedrick. He indicated he has been with the Ohio State Highway Patrol for nearly 26 years, and since 1992 has engaged in "commercial vehicle enforcement" and inspections of vehicles to determine their compliance with U.S. Department of Transportation safety regulations. He is "certified" to conduct inspections, and estimates he has pulled over "approximately 10,000 trucks to inspect them" in his career.
 {¶ 4} Trooper Hedrick testified on September 30, 2003, he was proceeding on State Route 21 when he passed a truck marked "Ratta Trucking" on the side. He indicated the truck was not speeding, and he did not observe the driver violate any other traffic law. Trooper Hedrick testified he was aware the name "Ratta Trucking" had a history of running overloaded.
 {¶ 5} Trooper Hedrick followed the truck and observed "squatted tires" on the rear axle of the trailer. He surmised the squatted tires could have been the result of underinflation or indicative of a "heavy load." He noted the trailer was "sitting lower" than a normal trailer would ride, and it was lower than the front. He stopped the vehicle.
 {¶ 6} Trooper Hedrick asked appellant for his shipping papers, which generally contain a vehicle weight. Appellant told Hedrick he had bills of lading for the load on his person, but declined to show them to him as the "law does not obligate" him to do so. Trooper Hedrick told appellant if he did not show him the papers, he would be charged with obstructing official business. Subsequently, Trooper Hedrick had the vehicle weighed and determined the vehicle was overloaded.
 {¶ 7} On December 22, 2003, appellant filed a request for findings of fact and conclusions of law.
 {¶ 8} Appellant entered a plea of no contest to the charge under R.C. 5577.04. The trial court found him guilty and imposed a fine.
 {¶ 9} Appellant now appeals the trial court's denial of his motion to suppress, assigning as error:
 {¶ 10} "I. The trial court erred in overruling appellant's motion to suppress on the grounds that Trooper Hedrick did not have reasonable, articulable suspicion to stop Dan Ratta's truck.
 {¶ 11} "II. The trial court likewise erred in overruling appellant's motion to suppress on the grounds that Trooper Hedrick had probable cause to weigh Dan Ratta's truck."
 {¶ 12} Appellant's assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 13} Initially, appellant maintains the trial court erred in overruling his motion to suppress because Trooper Hedrick did not have reasonable, articulable suspicion to stop his truck; therefore, the traffic stop is unconstitutional and the evidence resulting from it should have been suppressed.
 {¶ 14} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141, State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams(1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry(1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172, State v.Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." State v.Rister, June 17, 2002, Fairfield Cty. App. No. 01CA61.
 {¶ 15} To justify an investigatory detention, a law enforcement officer must "demonstrate specific and articulable facts which, when considered with the rational inferences therefrom, would, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity." State v. Correa (1995),108 Ohio App.3d 362, 366, 670 N.E.2d 1035. See, Terry v. Ohio
(1968), 392 U.S. 1.
 {¶ 16} When determining whether or not an investigative traffic stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. State v. Bobo(1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus, cert. denied (1988), 488 U.S. 910, 109 S.Ct. 264,102 L.Ed.2d 252; State v. Freeman (1980), 64 Ohio St.2d 291,414 N.E.2d 1044, paragraph one of the syllabus, cert. denied(1981), 454 U.S. 822, 102 S.Ct. 107, 70 L.Ed.2d 94. At a suppression hearing, the evaluation of the evidence and credibility of witnesses are issues for the trier of fact. Statev. Smith (1991), 61 Ohio St.3d 284, 288, 574 N.E.2d 510, cert.denied (1992), 502 U.S. 110. * * * See, State v. Rister, June 17, 2002, Fairfield Cty. App. No. 01CA61.
 {¶ 17} Appellant argues the trial court failed to state its essential findings on the record to enable meaningful review of its decision denying his motion to suppress. We disagree.
 {¶ 18} Appellant relies upon Ohio Crim. R. 12(F), which reads:
 {¶ 19} "* * * Where factual issues are involved in determining a motion, the court shall state its essential findings on the record."
 {¶ 20} The trial court's December 1, 2003 Judgment Entry denying the motion to suppress states:
 {¶ 21} "AO [arresting officer] requested shipping papers from D [defendant] and was denied access to shipping papers. AO, based on observations and training, believed that truck was running overweight/overloaded.
 {¶ 22} "Court finds AO did not arrest D and all inquiries were of a custodial/investigatory manner.
 {¶ 23} "Court finds AO had probable cause to weigh the truck. (Over)"
 {¶ 24} On the reverse side of the entry, the trial court wrote the following:
 {¶ 25} "1) AO observed squatted tires and low air ride suspension approx 5 car lengths behind.
 {¶ 26} "2) Were mud flaps blocking the view of the truck tires
 {¶ 27} "3) Trailer was sitting lower than normal.
 {¶ 28} "4) Company has a history of overloads. (A) Ratta- and- (B) Medina Supply."
 {¶ 29} Upon review, we find the trial court sufficiently set forth its findings in compliance with Criminal Rule 12.
 {¶ 30} Next, appellant argues the trial court's factual findings were clearly erroneous. Section 4513.33 of the Revised Code states:
 {¶ 31} "Any police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing of it . . ."
 {¶ 32} Appellant argues numerous courts of appeals have examined the "reason to believe" language of the statute, and have decided bulging or squatting tires, without more, do not provide sufficient reasonable suspicion for the arresting officer to stop the vehicle. We do not agree, but rather adopt the holding of the Fourth District Court of Appeals in State v.Horsely (January 25, 1999), Ross Co. App. No. 98CA2423, which held:
 {¶ 33} "We disagree, however, with the trial court's holding that bulging tires "without more" can never form a proper basis for an investigative stop. We believe that bulging tires coupled with an officer's training and experience can indeed give rise to a reasonable suspicion that a vehicle exceeds the applicable weight restrictions. Whether a certain tire's bulge is greater or more pronounced than a normal tire bulge is a factor that the trier of fact can consider when making a determination * * *
 {¶ 34} "We also recognize that innocent reasons may exist that can cause a tire to bulge under weight-permissible loads. For example, tire construction, low tire pressure, or extreme changes in temperatures can affect a tire's appearance. We note, however, that law enforcement officers are not required to rule out all possibilities of innocent behavior before initiating an investigative stop. United States v. Holland (C.A.9, 1975),510 F.2d 453. Conduct consistent with innocent behavior may give rise to a reasonable suspicion of criminal activity. United States v.Soklow (1989), 490 U.S. 1, 109 S.Ct. 1581, 104 L.Ed.2d 1;United States v. Gomez (C.A.5, 1985), 776 F.2d 542."
 {¶ 35} "Additionally, we note that the requisite level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. Soklow. The question is whether an officer "could reasonably surmise that the particular vehicle they stopped was engaged in criminal activity." United States v.Cortez (1981), 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621. Surmise means to "form a notion on slight proof." Id.
 {¶ 36} In State v. Compton, (Oct. 11, 2001), Licking App. No. 01CA00012, this Court considered bulging tires, within the totality of the circumstances, in determining whether sufficient reasonable suspicion existed for a stop. We agree.
 {¶ 37} In the case sub judice, Trooper Hedrick testified he observed squatted tires and low air ride suspension while traveling behind the truck. He stated there were mud flaps blocking his view of the tires, but he noticed the trailer was sitting lower than normal. He further testified he was aware the company had a history of overloads. The trial court noted and relied upon these findings in overruling appellant's motion to suppress.
 {¶ 38} Based upon the above, Trooper Hedrick's observation of the squatted/bulging tires viewed within the totality of the circumstances, including his collective experience as an officer and his overall observation of the vehicle, provided sufficient reasonable suspicion the vehicle was overloaded/overweight. Accordingly, Section 4513.33 of the Revised Code, set forth above, authorized Trooper Hedrick to both stop the vehicle and to weigh it.
 {¶ 39} Based upon the foregoing, appellant's arguments Trooper Hedrick did not have a reasonable articulable suspicion to stop the truck and lacked probable cause to weigh the truck are overruled.
 {¶ 40} Upon review, we find the trial court properly articulated its findings in denying appellant's motion to suppress, and further, the court's findings were supported by competent, credible evidence and not contrary to law. The December 1, 2003 Judgment Entry of the Massillon Municipal Court is affirmed.
Hoffman, P.J., Farmer, J., and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the December 1, 2003 Judgment Entry of the Massillon Municipal Court is affirmed. Costs assessed to appellant.