OPINION
{¶ 1} Defendant-appellant, Amy McQuitty, appeals a decision of the Warren County Court of Common Pleas denying her motion to suppress evidence. After the denial of her motion, appellant was convicted of one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041.
 {¶ 2} Appellant's arrest was the result of a series of events that began with a phone call to police by a Meijer's department store employee. At the motion to suppress hearing, Deputy John Mann of the Warren County Sheriff's Department testified that around 5:40 in the morning of January 13, 2004 he was dispatched on a call to the Meijer store. Deputy Mann stated that according to the dispatch, a clerk called the sheriff's department to report a male and female who had purchased multiple cans of starting fluid. The clerk reported that the male and female were driving a blue/green Chevy Cavalier and gave the license number of the temporary tag on the vehicle. Deputy Mann explained that the purchase of multiple cans of starting fluid was viewed as suspicious activity because the substance is used in the production of methamphetamine.
 {¶ 3} Another deputy observed the vehicle drive in front of the Meijer store, then to the Meijer gas station. Deputy Mann observed the vehicle from across the street, then followed it as it pulled out onto the street. He confirmed the temporary license number with dispatch, who informed him the Cavalier was registered to Donald Williams. Other police units in the county informed Deputy Mann that the vehicle was known to be driven by other members of the Williams family who had drug-related charges. Deputy Mann initiated a traffic stop of the Cavalier when it made a left-of-center violation. Two other officers also assisted in the traffic stop. Appellant, the driver, gave her license to Deputy Mann. The passenger told officers that his name was Jason Petry and gave two false social security numbers. Two other officers asked the passenger to exit the vehicle and the officers located an inmate identification card that identified the passenger as Jason Williams.
 {¶ 4} At that point, Deputy Mann placed appellant in his police cruiser and Williams was placed in another cruiser. A search of the vehicle was performed and officers discovered shopping bags in the backseat that contained starter fluid, salt, coffee filters, drain cleaner and rubber tubing. Deputy Mann stated that these items are all used in the manufacture of methamphetamine. Appellant's purse was also in the vehicle and a pill bottle with at least three different types and colors of pills was visible inside the purse.
 {¶ 5} An officer with the Warren County Drug Task Force, Deputy Schweitzer, was called to the scene. After observing the items in the shopping bags, Deputy Schweitzer spoke with appellant. After being readMiranda warnings, appellant agreed to talk with the deputy. When questioned if she planned to manufacture methamphetamine, appellant said she was not planning to, but appellant would not answer questions about who was planning on making the drug. When she was informed that she was going to be arrested, appellant told Deputy Schweitzer that she could take him to an anhydrous tank. The deputy stated that the anhydrous was the only item needed to make methamphetamine that was not present at the scene.
 {¶ 6} Appellant moved to suppress evidence of the pills, the items in the shopping bags, and her statements to Deputy Schweitzer. The trial court overruled the motion. Following a jury trial, appellant was convicted of one count of illegal assembly or possession of chemicals for the manufacture of drugs and sentenced accordingly.
 {¶ 7} Appellant now appeals the trial court's denial of her motion to suppress evidence and raises two assignments of error for our review. In her first assignment of error, she argues that the trial court erred in overruling her motion to suppress evidence based on the warrantless search of the automobile.
 {¶ 8} An appellate court's review of a ruling on a motion to suppress presents a mixed question of law and fact. State v. Long (1998),127 Ohio App.3d 328, 332. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. Accordingly, this Court accepts the trial court's findings of fact so long as they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. Then the appellate court must determine independently whether the facts in the case satisfy the applicable legal standard. State v. Claytor (1993), 85 Ohio App.3d 623,627.
 {¶ 9} Searches and seizures conducted without a warrant are per se unreasonable, subject to certain established exceptions. Schneckloth v.Bustamonte (1973), 412 U.S. 218, 219, 93 S.Ct. 2041, 36; State v. Smith
(1978), 56 Ohio St.2d 405, 407. One well-established exception for automobile searches is a search conducted for officer safety. Michiganv. Long (1983), 463 U.S. 1032, 103 S.Ct. 3469; State v. Bobo (1988),37 Ohio St.3d 177. When a police officer has a reasonable suspicion that an individual is armed, the officer may conduct a protective search of the vehicle for the safety of himself and others. Bobo at 180. In order to show the officer had such a reasonable suspicion, the state must present specific and articulable facts, that when considered objectively, warrant a person of reasonable caution to believe that a search was appropriate. Id. at 178-179. The facts must be viewed "through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold." State v. Andrews (1991), 57 Ohio St.3d 86, 87-88.
 {¶ 10} When Deputy Mann stopped the vehicle for a traffic violation, he knew that the occupants had purchased multiple cans of starting fluid. While the purchase of starting fluid alone is not illegal, to a reasonable police officer, the purchase of multiple cans amounts to suspicious behavior because the substance is used in the manufacture of methamphetamine. Law enforcement officers are not required to rule out all possibilities of innocent behavior during an investigative stop and conduct consistent with innocent behavior may give rise to a reasonable suspicion of criminal activity. State v. Ratta, Stark App. No. 2004CA00070, 2004-Ohio-6140. While events may appear innocent when viewed separately, those same events when taken together can warrant further investigation. United States v. Sokolow (1989), 490 U.S. 1, 9-10,109 S.Ct. 1581.
 {¶ 11} During the investigation, which occurred in the early morning hours, Deputy Mann learned that the vehicle was registered to a member of the Williams family and that members of this family were known to have drug-related charges. In addition, the passenger's behavior created more suspicion in the mind of the officer when he gave false information several times, causing Deputy Mann to suspect the passenger was attempting to hide something. When officers discovered the identity of the passenger, he was identified as a member of a family with drug-related charges.
 {¶ 12} The Ohio Supreme Court has previously recognized the inherent danger police officers face when conducting investigations with persons suspected of dealing in drugs. "The nature of narcotics trafficking today reasonably warrants the conclusion that a suspected dealer may be armed and dangerous." State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085, ¶ 61, citing State v. Evans, 67 Ohio St.3d 405, 413, 1993-Ohio-186. Moreover, the right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed. State v. Williams (1990), 51 Ohio St.3d 58.
 {¶ 13} Given all of the facts in this case, we find that Deputy Mann had a reasonable suspicion that the suspects may have weapons on their person or in the vehicle. The stop was made in early morning hours and involved two people the officer suspected of manufacturing illegal drugs. Officers discovered that the vehicle was owned by a member of a family who had drug-related charges and that a passenger, who the officer perceived as trying to hide something from police, was also a member of this family. Given these facts, the officers were permitted to make a limited search of the passenger compartment for weapons.
 {¶ 14} Under the plain view exception to the warrant requirement, a police officer may seize contraband without a warrant if the initial intrusion leading to its discovery was lawful and it is immediately apparent that the item was incriminating. State v. Waddy (1992),63 Ohio St.3d 424, 442. As discussed above, the initial intrusion into the vehicle was justified as a protective search for weapons. Once inside the vehicle, Deputy Mann noticed the bags in the backseat and could see that they contained starting fluid, salt, coffee filters, drain cleaner and rubber tubing. He testified that these items were in plain view and that he recognized them as items used in the manufacture of methamphetamine.
 {¶ 15} Deputy Mann also testified that the different color pills he viewed inside appellant's purse were also in plain view at the top of her purse. He stated that he knew from his training that a pill bottle with several different color pills inside indicated a possible history of drug abuse. Moreover, appellant was not charged with any offense related to these pills, nor were they introduced into evidence at trial. Because the search of the vehicle was permissible and the items were in plain view during the search, appellant's first assignment of error is overruled.
 {¶ 16} In her second assignment of error, appellant argues that the trial court erred in failing to suppress the statement she made to Deputy Schweitzer regarding the anhydrous tank because it was the result of an illegal arrest. She contends that the stop of the vehicle was for a traffic offense and that the duration of the stop lasted longer than necessary to resolve the issue that led to the stop. However, as discussed above, based on facts that arose during the course of the stop, the officer's search of the vehicle was justified as a protective search for weapons, and once the items necessary for the manufacture of methamphetamine were discovered, appellant was properly placed under arrest. Accordingly, we find no merit to appellant's second assignment of error.
 {¶ 17} Judgment affirmed.
YOUNG and BRESSLER, JJ., concur.