OPINION
{¶ 1} Defendant-appellant Lawrence D. Swain appeals from his conviction in the Massillon Municipal Court on one count of operating an overweight vehicle, in violation of R.C. 5577.04(D).
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 18, 2005, Ohio Highway Patrol Trooper Robert Stotzer observed appellant driving a semi-tractor trailer truck in the City of Massillon, Ohio. According to the trooper, appellant's truck was moving at less than 10 m.p.h. when the trooper first saw it. In addition, the trooper noticed that the truck's license plate was unreadable, the truck was blowing "black smoke" from the exhaust, the truck was pulling hard and having difficulty with a turn and a small hill and the truck tires appeared to be bulging.
 {¶ 3} Although Trooper Stotzer suspected that the vehicle was overweight, he did not stop the vehicle immediately. Stotzer claimed that he did not stop appellant's truck immediately due to safety concerns. Stotzer testified that he allowed the truck to proceed until he could find a safe place to pull the truck over and weigh it safely.
 {¶ 4} Trooper Stotzer followed the truck as it had passed into Summit County, Ohio. Eventually, the trooper stopped the truck. The truck was weighed and found to be overweight. The trooper issued a citation to appellant for driving an overweight vehicle in violation of R.C. 5577.04(D). Appellant was not cited for having an unreadable license plate. Appellant was summoned and ordered to appear in the Massillon Municipal Court.
 {¶ 5} Appellant appeared in the Massillon Municipal Court and entered a plea of not guilty. On June 29, 2005, appellant filed a motion to suppress and/or to dismiss. In that motion, appellant raised the issues of venue in the Massillon Municipal Court, reasonable suspicion to believe appellant's truck was overweight prior to making the traffic stop and probable cause to believe that appellant's truck was overweight before weighing it.
 {¶ 6} The trial court conducted a hearing on appellant's motion on July 14, 2005. Following testimony from Trooper Stotzer, the trial court held that venue was proper in the Massillon Municipal Court, that the trooper had reasonable suspicion supported by articulable facts to stop appellant's truck and appellant had probable cause to weigh the truck based upon the following findings:
 {¶ 7} "Arresting Officer testified that at 8:00 a.m. on 5-18-05 he was following [defendant's] truck [and] noticed blowing black smoke, tires bulging, pulling hard. Rear taillights were dirty and license was unreadable. Arresting officer finally pulled the defendant's commercial truck over in Summit County for officer safety, traffic safety and the driver's safety. [Arresting Officer] testified that the overload indicators [and] probable cause occurred in Stark County [within] this court's jurisdiction. Court finds that arresting officer had reasonable articulable suspecion [sic] to stop the defendant's vehicle based on the totality of the facts [and] probable cause to make an overload citation based on the indicators [and] the totality of the facts. . . . [Arresting Officer] did have reasonable articulable suspicion to stop and probable cause to weigh the [defendant's] truck. All the overload indicators and violations occurred in Stark County (western Stark County). Violations first occurred in Stark County." Judgment Entry, filed July 14, 2005. The trial court further stated that it was relying upon this court's recent decision in State v. Ratta, Stark App. No. 2004CA00070, 2004-Ohio-6140. Accordingly, the trial court denied appellant's motion.
 {¶ 8} On September 1, 2005, appellant withdrew his previously entered plea of not guilty and entered a plea of no contest to the charge. The trial court found appellant guilty and sentenced appellant to pay a fine. While the fine has been paid, it was held "in bond pending appeal." Entry and Order of Sentence, filed September 1, 2005.
 {¶ 9} It is from the July 14, 2005, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 10} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT THE ARRESTING OFFICER HAD REASONABLE SUSPICION, BASED UPON SUFFICIENTLY ARTICULATED FACTS, TO BELIEVE APPELLANT'S COMMERCIAL TRUCK WAS OVERWEIGHT.
 {¶ 11} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FINDING THAT THE ARRESTING OFFICER HAD PROBABLE CAUSE TO BELIEVE APPELLANT'S COMMERCIAL TRUCK WAS OVER WEIGHT PRIOR TO WEIGHING IT.
 {¶ 12} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND ABUSED ITS DISCRETION BY FINDING THAT VENUE WAS PROPER IN THE MASSILLON MUNICIPAL COURT."
 I II {¶ 13} In the first assignment of error, appellant contends that the trial court erred when it found that Trooper Stotzer had reasonable suspicion that appellant's truck was overweight. In the second assignment of error, appellant argues that the trial court erred when it found that Trooper Stotzer had grounds to weigh the truck. We find that these assignments of error are interconnected and will, therefore, be considered together.
 {¶ 14} Essentially, appellant challenges the trial court's dismissal of appellant's motion to suppress. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See:State v. Fanning (1982), 1 Ohio St.3d 19, 437 N.E.2d 583;State v. Klein (1991), 73 Ohio App.3d 486, 597 N.E.2d 1141,State v. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 96, 641 N.E.2d 1172, State v. Claytor (1993),85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v.Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As the United States Supreme Court held in Ornelas v. U.S. (1996),517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." State v. Rister, June 17, 2002, Fairfield App. No. 01CA61, 2002 WL 1445361.
 {¶ 15} Appellant concedes that the trooper had a right to stop appellant's truck because the license plate was unreadable, thereby violating R.C. 4503.21. Thus, the question before this court is not whether the trooper could stop the truck but rather whether, once the truck was stopped, could the trooper detain appellant to investigate whether the truck was overweight and weigh it.
 {¶ 16} In particular to the investigation of overweight trucks, R.C. 4513.33 states that: "[a]ny police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing . . ." The "reason to believe" requirement is a lower standard than the constitutional concept of probable cause. State v. Compton, Licking App. No. 01CA00012, 2001-Ohio-1559. The `reason to believe' standard has been interpreted to be the same as the `reasonable suspicion' standard as set forth in Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, 20 L.Ed.2d 889, and its progeny. State v. Myers (1990),63 Ohio App.3d 765, 770, 580 N.E.2d 61 (citing State v. Wells
(1983), 11 Ohio App.3d 217, 221, 464 N.E.2d 596). Therefore, for a police officer to stop a vehicle and check its weight, the officer must be able to point to some reasonable and articulable facts that, when taken together with the rational inferences from those facts, lead the officer to believe that "the weight of the vehicle and its load is unlawful." Myers, supra. An investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291,414 N.E.2d 1044, paragraph one of the syllabus.
 {¶ 17} We find that Trooper Stotzer had reason to believe that appellant's truck was overweight and, therefore, had sufficient grounds to weigh the truck. Trooper Stotzer testified at the hearing on appellant's motion. Trooper Stotzer testified that he had been trained in the field of commercial vehicle enforcement. Trooper Stotzer stated that he observed that the truck looked heavy and was blowing black smoke out of its exhaust, its tires were bulging and it was "pulling real hard making [a] turn, going up [a] little hill." Tr. 9. At another point in the hearing, the trooper added that the truck was pulling hard when it left a light. Tr. 14.
 {¶ 18} This court has previously held that bulging tires coupled with an officer's training and experience can give rise to a reasonable suspicion that the vehicle exceeds applicable weight restrictions. State v. Ratta, Stark App. No. 2004CA0070,2004-Ohio-6140. Likewise, the Fourth Appellate District found that an officer was justified in stopping and weighing a truck when a trained officer observed bulging tires, that the truck was "pulling hard," and had black smoke coming from the exhaust stacks. State v. Snyder, Vinton App. No. 02CA575, 2003-Ohio-2039.
 {¶ 19} In this case, the trooper not only testified to observing bulging tires and to having commercial vehicle enforcement training, but also testified that the truck was moving slowly, having trouble making a turn, pulling hard and blowing black exhaust. We find that these observations were sufficient to authorize Trooper Stotzer to detain the truck and weigh it.
 {¶ 20} For the foregoing reasons, appellant's first and second assignments of error are overruled.
 III {¶ 21} In the second assignment of error, appellant asserts that the trial court did not have venue to decide the case. We disagree.
 {¶ 22} Appellant was charged with operating an overweight vehicle and given a citation to appear in the Massillon Municipal Court. Appellant contends that since the vehicle was stopped and weighed in Summit County, outside the jurisdiction of the Massillon Municipal Court, venue was proper in Summit County, not in the Massillon Municipal Court.
 {¶ 23} Venue is a necessary element to establish the jurisdiction of the trial court. Revised Code 2901.12 governs venue. Subsection (A) states as follows: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." R.C. 2901.12(A). In reviewing this issue, we are permitted to look at the entire record of the trial. State v. Gribble (1970), 24 Ohio St.2d 85,90, 263 N.E.2d 904; State v. Hatchett (Oct. 15, 2001), Licking App. No. 01CA58, 2001 WL 1251651.
 {¶ 24} Trooper Stotzer testified that he observed the vehicle while it was being operated in the City of Massillon. At that time, the trooper noticed that the truck looked heavy, was blowing black smoke out the exhaust, had bulging tires and was pulling real hard making a turn, going up a little hill. Tr. 9. Trooper Stotzer decided to follow the truck into Summit County where the trooper could safely pull the vehicle over and the trooper's portable weigh team could more easily and safely weigh the truck.
 {¶ 25} Appellant asks this court to find that the offense occurred in Summit County when the vehicle was weighed. However, it is apparent from the trooper's testimony that the elements of the offense charged occurred in the City of Massillon. Appellant was watched by the trooper as he drove the truck, which later was determined to be overweight, through the City of Massillon. Accordingly, elements of the offense occurred in the City of Massillon.
 {¶ 26} For the foregoing reasons, we find that venue was proper in the Massillon Municipal Court. Appellant's third and final assignment of error is overruled.
 {¶ 27} The judgment of the Massillon Municipal Court is affirmed.
Edwards, J. Farmer, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Massillon Municipal Court is affirmed. Costs assessed to appellant.