OPINION
{¶ 1} Appellant, Joseph M. Starcovic ("Mr. Starcovic"), appeals from the judgment of the Portage County Municipal Court, Ravenna Division, overruling his motion to suppress evidence. For the reasons that follow, we reverse and remand.
 {¶ 2} Statement of Facts and Procedural History
 {¶ 3} On Saturday, August 26, 2006, at approximately 9:00 a.m., Officer Joseph Smolik ("Officer Smolik") of the city of Streetsboro police department observed a commercial vehicle, a dump truck, traveling westbound on State Route 303. Because *Page 2 
the rear license plate appeared to be covered with black tar and dirt concealing the registration sticker and the license plate numbers, Officer Smolik pulled the truck over, which was being driven by Mr. Starcovic.
 {¶ 4} As part of the traffic stop, Officer Smolik asked Mr. Starcovic to see his driver's license and to produce the weight bill and bill of lading for the load he was hauling. Officer Smolik referred to the bill of lading and then measured the tires. Using his "cheat sheet," he referenced the tire measurements to the chart and drew the conclusion that Mr. Starcovic was probably carrying an overload. Officer Smolik asked Mr. Starcovic to follow him to the police station so that his vehicle could be weighed. The vehicle weighed 79,330 pounds, over 9,000 pounds over the legal limit. After weighing the vehicle and while speaking to Mr. Starcovic, Officer Smolik detected a moderate odor of alcohol on Mr. Starcovic.
 {¶ 5} Mr. Starcovic submitted to a breathalyzer test, which revealed that he had a .083% blood alcohol level. As a result, Mr. Starcovic was cited for driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a) and (d); for driving a commercial vehicle while having a measurable or detectable amount of alcohol on the person's breath, in violation of R.C. 4506.15(A)(2); and for carrying a commercial load in excess of the limit provided for in R.C. 5577.04.
 {¶ 6} Mr. Starcovic filed a motion to suppress arguing that after the initial traffic stop, the police lacked probable cause to conduct any further investigation, including the right to conduct any field sobriety tests. The trial court overruled the motion to suppress.
 {¶ 7} Mr. Starcovic was convicted of driving under the influence of alcohol, in violation of R.C. 4511.19(A)(1)(a), and the remaining charges were dismissed. Mr. *Page 3 
Starcovic was sentenced to 180 days in jail, a fine of $1,000, and a six month driver's license suspension. The court suspended 177 days of the jail sentence and $650 of the fine, provided Mr. Starcovic commits no alcohol related offenses in the next two years, completes seventy-two hours of a driver intervention prevention school, and does not drive while under suspension.
 {¶ 8} Mr. Starcovic filed the instant appeal, raising one assignment of error: "The Trial Court erred in overruling Appellant's Motion to Suppress evidence."
 {¶ 9} Standard of Review
 {¶ 10} "When ruling on a motion to suppress, we give `due deference to the trial court's assignment of weight and inferences drawn from the evidence.'" State v. Wilson, 11th Dist. No. 2007-A-0044, 2007-Ohio-6557, at ¶ 11, citing State v. Zaken, 11th Dist. No. 2006-A-0036,2007-Ohio-2306, at ¶ 14, citing State v. Perl, 11th Dist. No. 2006-L-082, 2006-Ohio-6100, at ¶ 9, citing State v. Hummel (2003),154 Ohio App.3d 123, 2003-Ohio-4602, at ¶ 11.
 {¶ 11} "Appellate review of a motion to suppress presents a mixed question of law and fact." Id. at ¶ 12, citing Village of Kirtland Hillsv. Sulc, 11th Dist. No. 2007-L-026, 2007-Ohio-4224, at ¶ 12, citingState v. Korman, 11th Dist. No. 2004-L-064, 2006-Ohio-1795, at ¶ 12, citing State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. "The appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence. * * * Thereafter, the appellate court must independently determine whether those factual findings meet the requisite legal standard." Id. citingBurnside at ¶ 8. We review the trial court's application of the law de novo. Id. citing Zaken at ¶ 14.
 {¶ 12} Motion to Suppress *Page 4 
 {¶ 13} Mr. Starcovic contends that his motion to suppress should have been granted because after the initial traffic stop, the police had no probable cause to continue to interrogate him. Specifically, Mr. Starcovic contends that although the initial traffic stop may have been justified because there was dirt and tar covering the license plate, once the officer was able to determine that the vehicle had a valid registration sticker on the vehicle, the police lacked probable cause to further investigate the load of the vehicle or to stop him for a potential operating vehicle intoxicated offense.
 {¶ 14} Initial Stop
 {¶ 15} "`It is well established that an officer may stop a motorist upon his or her observation that the vehicle in question violated a traffic law.' State v. Boczar, 11th Dist. No. 2004-A-0063,2005-Ohio-6910, at ¶ 11, citing Dayton v. Erickson (1996),76 Ohio St.3d 3, 11-12. Moreover, this court has repeatedly held that when a police officer witnesses a minor traffic violation, he or she is warranted in making a stop to issue a citation. Village of Waite Hill v.Popovich, 11th Dist. No. 2001-L-227, 2003-Ohio-1587, at P14." State v.Brooks, Jr., 11th Dist. No. 2005-L-200, 2007-Ohio-344, at ¶ 32. Thus, as Mr. Starcovic recognizes, because his license plate was obstructed, Officer Smolik was warranted in making the initial stop. Id. at ¶ 33. See, also, R.C. 4503.21, which requires a motorist to display in plain view a license plate with a valid registration sticker. Cf.Brooks, supra, where this court upheld the trial court's granting of a motion to suppress, finding that where seventy-five percent of the license plate tags were visible, there was no license plate obstruction, and, therefore, the police lacked probable cause to make the initial traffic stop.
 {¶ 16} Continued Detention After Initial Traffic Stop *Page 5 
 {¶ 17} We now turn to the issue of whether there was probable cause with respect to Mr. Starcovic's continued detention and investigation of the truck's apparent overload violation and subsequent submission to a breathalyzer test arising from the officer's suspicion that Mr. Starcovic was operating the vehicle under the influence of alcohol.
 {¶ 18} "In evaluating the propriety of an investigative stop, the reviewing court must examine the totality of the circumstances surrounding the stop as `viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold.'" State v. Colby, 11th Dist. No. 2002-P-0061, 2004-Ohio-343, at ¶ 21, citing State v. Andrews (1991), 57 Ohio St.3d 86, 87-88. "The pivotal inquiry * * * is whether [the officer] was justified in his continued detention of appellant. Once the suspicion which gave rise to the initial stop evaporated, any additional intrusion or detention had to have been supported by specific and articulable facts demonstrating the reasonableness of the continued detention." Id. at ¶ 22, citingState v. Chatton (1984), 11 Ohio St.3d 59, 63.
 {¶ 19} "In particular to the investigation of overweight trucks, R.C. 4513.33 states that: `[a]ny police officer having reason to believe that the weight of a vehicle and its load is unlawful may require the driver of said vehicle to stop and submit to a weighing. . . . ' The `reason to believe' requirement is a lower standard than the constitutional concept of probable cause." State v. Swain, 5th Dist. No. 2005CA00243,2006-Ohio-2727, ¶ 16, citing State v. Compton, 5th Dist. No. 01CA00012, 2001-Ohio-1559. "The `reason to believe' standard has been interpreted to be the same as the `reasonable suspicion' standard as set forth inTerry v. Ohio (1968), 392 U.S. 1, and its *Page 6 
progeny." Id., citing State v. Myers (1990), 63 Ohio App.3d 765, 770
(citing State v. Wells (1983), 11 Ohio App.3d 217, 221).
 {¶ 20} "Therefore, for a police officer to stop a vehicle and check its weight, the officer must be able to point to some reasonable and articulable facts that, when taken together with the rational inferences from those facts, lead the officer to believe that `the weight of the vehicle and its load is unlawful.'" Id., citing Myers at 770.
 {¶ 21} "An investigatory stop `must be viewed in the light of the totality of the surrounding circumstances' presented to the police officer." Id., citing State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. See, also, State v. Elder (1989),65 Ohio App.3d 463; City of Conneaut v. Miller (Dec. 4, 1998), 11th Dist. No. 97-A-0069, 1998 Ohio App. LEXIS 5814.
 {¶ 22} Based upon our review of the evidence presented by the state during the suppression hearing, if we were to find a "reason to believe" existed in this case, then we would be in effect setting a much lower standard than the reasonable suspicion standard that is required to conduct an investigatory stop. By his own testimony, Officer Smolik did not suspect the truck was overloaded when he proceeded to measure the tires. Thus, wholly lacking in this case is any observation that would indicate the truck was hauling an overload that warranted the further investigation.
 {¶ 23} Specifically, when asked whether he initially observed if the truck was hauling an overload, Officer Smolik responded that he was entirely focused on the obscured license plate and made no such observations as the truck drove past. Officer Smolik then testified that it was routine procedure to request the driver's license and bill of lading when conducting a traffic stop of a commercial vehicle. His very next action was to measure the tires and check them against the bill of lading and his "cheat sheet." *Page 7 
Only then did he have a "reason to believe" that Mr. Starcovic was carrying a heavy load. Thus, we would have to draw a conclusion that Officer Smolik made some sort of observation that indicated to him the truck was hauling an overload and that the tires needed to be measured other than just out of routine procedure. The problem presented by the state of the evidence in this case is that we have no premise from which to draw this conclusion or inference.
 {¶ 24} Our district, and other districts have routinely found a "reason to believe" in cases where the officer has made some kind of observation, such as bulging tires, heavy exhaust fumes, or difficulty driving, that were indicia of a truck carrying an overload. These observations combined with the officer's experience and training is enough to satisfy the "reason to believe" standard. See Miller at 11-12 (Officer's experience and observations that the tires were bulging and that large amounts of black smoke were being emitted from the exhaust pipe gave the officer a reason to believe the truck was overloaded and warranted further investigation); State v. Snyder, 4th Dist. 02CA575, 2003-Ohio-2039 (Trooper's experience combined with his observations that the truck was "pulling hard" and had bulging tires constituted a "reason to believe" the truck was overloaded); State v. Ratta, 5th Dist. No. 2004CA00070, 2004-Ohio-6140 (Bulging tires coupled with officer's training and experience can give rise to a reasonable suspicion that a vehicle exceeds applicable weight restrictions); See, also,Swain at ¶ 17 (Officer's observations that the truck looked heavy, was blowing black smoke, with bulging tires, and observation that it was "pulling real hard" combined with his experience and training gave rise to a reasonable suspicion).
 {¶ 25} Although we may surmise that the officer observed some indicia of an overload in his unconscious, we cannot read his mind and draw that conclusion. The *Page 8 
facts of this case dangle perilously close to painting a picture of a simple "fishing expedition" that proved fruitful.
 {¶ 26} Thus, the trial court should have granted Mr. Starcovic's motion to suppress.
 {¶ 27} The judgment of the Portage County Municipal Court, Ravenna Division, is reversed and this case is remanded for further proceedings.
TIMOTHY P. CANNON, J., concurs,
DIANE V. GRENDELL, P.J., dissents with a Dissenting Opinion.