{¶ 28} Since the probable cause associated with the initial stop was not extinguished at the time Officer Smolik made additional observations leading to his reasonable belief that Starcovic's truck was overloaded, the trial court properly denied Starcovic's motion to suppress. Accordingly, I respectfully dissent.
 {¶ 29} As the majority correctly notes, there is no dispute that Officer Smolik had probable cause for the initial stop of Starcovic's truck based upon the license plate violation. The majority is likewise correct in noting that the propriety of an investigative stop is viewed under the totality of the circumstances as "viewed through the eyes of the reasonable and prudent police officer" reacting to events "as they unfold." Colby, 2004-Ohio-343, at ¶ 21 (citation omitted).
 {¶ 30} Furthermore, as the majority notes, R.C. 4513.33 provides that "[a]ny police officer having reason to believe that the weight of a vehicle and its load is *Page 9 
unlawful may require the driver of said vehicle to * * * submit to a weighing." Swain, 2006-Ohio-2727, at ¶ 16. Detention of a driver under R.C. 4513.33 is governed by a "reason to believe" standard, which is equated to the "reasonable suspicion" standard "as set forth inTerry v. Ohio (1968), 392 U.S. 1 * * * and its progeny." Id. (citation omitted).
 {¶ 31} Despite recognizing the appropriate standard under which such a detention may legally occur, the majority then concludes that "if we were to find a `reason to believe' existed in his case, then we would be in effect, setting a much lower standard than the reasonable suspicion standard that is required to conduct an investigatory stop." This conclusion defies not only law and logic, but also ignores the facts of this case.
 {¶ 32} "Where a vehicle is lawfully stopped * * * a patrolman may draw upon his prior experience and upon his observations, including hisobservation of load information, which is in plain view on the loadingticket, to determine that there is reason to believe that the vehicle is overweight, and upon that determination to order the vehicle weighed."State v. Benson (Feb. 18, 1983), 6th Dist. No. L-82-253, 1983 Ohio App. LEXIS 12000, at *7-*8 (citations omitted) (emphasis added).
 {¶ 33} In the instant case, while investigating the initial trafficstop for the plate violation, Officer Smolik, who was trained in making observations and measurements regarding the weights of commercial vehicles, testified that he knew the vehicle was loaded by its appearance.
 {¶ 34} Concurrent with his investigation for the license plate violation, Officer Smolik asked Mr. Starcovic to see his driver's license and the bill of lading for the truck. The purpose of asking for Smolik's driver's license was "[t]o make sure he had a valid *Page 10 
commercial operator's license to operate that vehicle." Officer Smolik further testified that his request to see Starcovic's license and to see his bill of lading were standard departmental operating procedure for effectuating a stop of a loaded commercial vehicle.
 {¶ 35} According to Officer Smolik, his review of Starcovic's bill of lading indicated the possibility that the truck was overloaded. Based upon his observation, Officer Smolik elected to further investigate, by use of his "cheat sheet" to determine the measurements from the front to rear tire center hubs. These measurements, along with his experience and training in observing overloaded trucks, served to further confirm his initial suspicions.
 {¶ 36} Based upon the totality of the circumstances, as indicated above, Officer Smolik had "reason to believe" that Starcovic's truck was overloaded, and thus, could lawfully continue to detain Starcovic under R.C. 4513.33 for the purpose of having his truck weighed.
 {¶ 37} It is well-settled that "[a]n officer's subjective motivation for stopping an individual is not relevant to a Fourth Amendment probable cause or reasonable suspicion analysis." Snyder, 2003-Ohio-2039, at ¶ 23 (citations omitted). "Instead the objective facts and circumstances control when determining the lawfulness of the stop." Id. (citation omitted).
 {¶ 38} As is clear from the aforementioned analysis and the record, the investigation into a possible load violation was concurrent with that of the license plate violation, which Starcovic does not challenge as improper. Once Officer Smolik had lawfully detained Starcovic for the license plate violation, he "observed additional facts *Page 11 
that justified a continued detention to investigate whether appellant was violating R.C. 5577.04." Id. at ¶ 25.
 {¶ 39} The original purpose of the stop had not been extinguished by the time Officer Smolik made the additional observations giving him "reason to believe" Starcovic's vehicle was overweight. Therefore, his further detention of Starcovic for the purpose of having his vehicle weighed did not violate Starcovic's Fourth Amendment rights. Cf.Chatton, 11 Ohio St.3d at 63 (finding further detention of a driver violated the Fourth Amendment where the "reasonable suspicion" supporting the initial stop no longer existed).
 {¶ 40} Accordingly, I would affirm the trial court's judgment denying Starcovic's motion to suppress. *Page 1